# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.   **ED CV 18-622-JFW(SHKx)** | Date: July 12, 2018 |

Title:    James Rutherford -v- Quality Inn-San Bernardino, et al.

---

**PRESENT:**

   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT BY COURT AS TO QUALITY INN-SAN BERNARDINO AND JAYASHREE KRISHNA, INC. [filed 6/22/18; Docket No. 17]

   On June 22, 2018, Plaintiff James Rutherford ("Plaintiff") filed an Application for Default Judgment by Court as to Quality Inn-San Bernardino and Jayashree Krishna, Inc. (collectively, "Defendants").  Defendants did not file an Opposition.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for July 23, 2018 is hereby vacated and the matter taken off calendar.  After considering the moving papers, and the arguments therein, the Court rules as follows:

   Federal Rule of Civil Procedure 55(b) provides for a court-ordered default judgment following entry of default under 55(a).  Local Rule 55-1 requires that the application for default judgment be accompanied by a declaration that includes: (1) when and against what party default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required.  L.R. 55-1.

   The entry of default judgment is left to a court's sound discretion.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Because granting or denying relief is entirely within a court's discretion, a defendant's default does not automatically entitle a plaintiff to a court-ordered judgment.  *Id.*; *Philip Morris USA Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).  In deciding whether to exercise discretion to enter a default judgment, courts may consider:

(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *PepsiCo v. Triunfo-Mex, Inc., 189 F.R.D.* 431, 432 (C.D. Cal. 1999).

After default has been entered against a defendant, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.")  In determining damages, a court may conduct a full evidentiary hearing, or rely on declarations submitted by the parties.  Fed. R. Civ. 55(b)(2); L.R. 55-2.  However, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

For the reasons stated in Plaintiff's Motion, and after considering the *Eitel* factors, the Court concludes that Plaintiff has demonstrated that default judgment should be entered in his favor in the amount of $8,647.00 ($4,000.00 in statutory damages and $4,647.00 in attorneys' fees and costs) and against Defendants Quality Inn-San Bernardino and Jayashree Krishna, Inc.  In addition, Defendants are ordered to provide accessible premises compliant with the Americans with Disabilities Act.

Accordingly, Plaintiff's Application for Default Judgment is **GRANTED**.  The Court signs the proposed Judgment lodged with the Court on June 22, 2018 [Docket No. 17-8].

IT IS SO ORDERED.